UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          No.:   3:25-CR-125-TAV-DCP
                                   )
CHRISTOPHER KYLE DUKE,             )
                                   )
          Defendant.               )

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's Motion for Leave to File Under Seal [Doc. 19], in which he seeks to file his sentencing memorandum under seal, and his sentencing memorandum [Doc. 20], which has been filed unsealed.

Initially, defense counsel is directed to review Rule 12.2 of this Court's Electronic Case Filing Rules and Procedures, which provides detailed instructions on filing a document under seal. Counsel's filings do not comport with that rule, and, as a result, despite seeking leave to file his sentencing memorandum under seal, it has been filed unsealed on the Court's docket, leaving any "information sensitive in nature [that] should not be made available to the general public" [Doc. 19] available to the general public.

More significantly, a review of defendant's sentencing memorandum [Doc. 20], reveals that the memorandum is almost entirely copy-and-pasted language from the presentence investigation report ("PSR") [Sealed Doc. 14]. Specifically, (1) the section labeled "PLEA AGREEMENT" is taken directly from Paragraph 3 of the PSR; (2) the section labeled "FACTS REGARDING THE OFFENSE" is taken directly from Paragraph

12 of the PSR; (3) the section labeled "EDUCATION AND FAMILY BACKGROUND" is taken directly from Paragraphs 49, 50, 55, and 56 of the PSR;[1] and (4) the section labeled "SENTENCE" is taken directly from Paragraphs 69 and 60 of the PSR [*Compare* Doc. 20, pp. 3–6 *with* PSR ¶¶ 3, 12, 49, 50, 55, 56, 60, 69]. The only original content in the entire sentencing memorandum are the three sentences contained under the section "CONCLUSION" [Doc. 20, p. 6].

There are a number of issues with defense counsel's copy-and-pasting tactic. First, the PSR is a sealed document [*See* Sealed Doc. 14], and, as discussed previously, defense counsel did not follow the Court's rules for filing documents under seal, leaving the copy-and-pasted portions of the PSR contained in his sentencing memorandum unsealed on the Court's record until the Court uncovered this issue.

Second, the PSR contains the following warning on its front page, which is standard to every PSR in this district: "CONFIDENTIAL: THE PRESENTENCE INVESTIGATION REPORT IS A PRIVILEGED COURT DOCUMENT. IT **MAY NOT BE DUPLICATED**, SHARED, **QUOTED**, OR ITS CONTENTS OTHERWISE RELEASED WITHOUT SPECIFIC COURT AUTHORIZATION" [Sealed Doc. 14, p. 1 (emphasis added)]. In this situation, defense counsel has not even quoted the PSR, but has

---

[1] Defense counsel did modify the beginning of the sentence from Paragraph 55 of the PSR in his Sentencing Memorandum, which resulted in a sentence that does not make grammatical sense, although, notably, he did not bother to correct a typographical error contained in that same sentence of the PSR, and rather, incorporated that error into his sentencing memorandum [*Compare* PSR ¶ 55 ("Records received from [school] verified the defendant graduate [sic] on [date]") *with* Doc. 20, p. 4 ("Defendant received a diploma from [school] verified the defendant graduate [sic] on [date]") (modified here to remove personal information)].

duplicated it in a manner that some courts have concluded is tantamount to plagiarism. *See Manier v. Dalpra*, No. 3:20-cv-329, 2023 WL 2018462, at *1 n.1 (S.D. Ill. Feb. 15, 2023) ("Not only is the legal analysis reproduced virtually verbatim, but the brief also contains no reference to the source of the appropriated analysis. Simply put, this constitutes plagiarism"); *Mun. of San Juan v. Exxon Mobil Corp.*, No. 23-1608, 2025 WL 1065101, at *9 (D.P.R. Apr. 9, 2025) ("The touchstone of plagiarism is lack of attribution. As in law school, passing someone else's work off as one's own is wrong as a matter of fact and professional ethics"); *United States v. Bowen*, 194 F. App'x 393, 402 n.3 (6th Cir. 2006) (stating that "[w]hile our legal system stands upon the building blocks of precedent, necessitating some amount of quotation or paraphrasing, citation to authority is absolutely required when language is borrowed" admonishing "all attorneys tempted to 'cut and paste' helpful analysis into their briefs" that such "behavior is completely unacceptable").

Moreover, this results in misleading statements in the sentencing memorandum. For example, defense counsel copy-and-pastes a portion of Paragraph 55 of the PSR stating that "[r]ecords were requested but not received" from a school that defendant reported to the probation officer he attended [*Compare* Doc. 20, p. 4 *with* PSR ¶ 55]. By incorporating this statement in his sentencing memorandum, without even attributing it to the PSR, defense counsel creates the impression that *he* requested records from the relevant school. But it is unclear that defense counsel contacted the school for any records, as his sentencing memorandum merely pastes the language in which the probation officer reported that *she* requested records. Further, the sentencing memorandum copies several statements of "unknowns" from the PSR, such as "[i]t is unknown whether [defendant] will live in

[location] or [location] upon release from incarceration" [*Compare* Doc. 20, p. 4 *with* PSR ¶ 50] and "[i]t is unknown when" defendant obtained a specific degree [*Compare* Doc. 20, p. 4 *with* PSR ¶ 55]. These are the types of "unknowns" that a defense counsel would potentially answer in a sentencing memorandum, crafted after consultation with his client. But, here, because defense counsel has simply copy-and-pasted the PSR, his sentencing memorandum contains no additional useful information to the Court.

Accordingly, defendant's sentencing memorandum [Doc. 20] is hereby **STRICKEN** from the record.[2] Defendant's motion for leave to file under seal [Doc. 19] is **DENIED as moot**. Defense counsel is **DIRECTED** to file an amended sentencing memorandum, after consultation with his client, providing any relevant information not already contained in the PSR, **no later than Monday, April 13, 2026**. The sentencing hearing, currently set for Wednesday, April 15, 2026, is **CANCELLED**. The parties are directed to contact the courtroom deputy for a new sentencing date.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2] Defense counsel is cautioned that future instances of the conduct at issue here may result in more severe sanctions. *See Manier*, 2023 WL 2018462, at *1 n.1 (noting that "[m]any courts have found that plagiarism is not only unacceptable but violates professional ethics standards" and, as a result "[c]ourts find various sanctions appropriate in circumstances of plagiarism" (collecting cases)).